**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BRIAN WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1618** |
| **CARSON, ET AL.** | **SECTION "R"(1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Brian Washington, a pretrial detainee at St. Tammany Parish Jail, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. Washington sued defendants "Carson," Lt. Moore, "Richmond," Captain Galloway, "Lungford," J. Harrington, Andrea Albert, Stephen Eckholdt, and Galloway Law Firm. In the complaint, Washington complains of retaliation since her[1] incarceration in March 2025, defamation, and that the jail has no law library.

Federal law requires that this matter be screened. For example, with respect to actions, such as this one, which are filed *in forma pauperis*, federal law mandates:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …

>     (i)      is frivolous or malicious;

>     (ii)    fails to state a claim on which relief may be granted; or

>     (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because Washington is incarcerated, screening is also required by 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

---

[1] Washington identifies as a transgender woman. This Court will refer to Washington using feminine pronouns.

redress from a governmental entity or officer or employee of a governmental entity."[2] 28 U.S.C.

§ 1915A(a). Regarding such lawsuits, the statute similarly provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A claim is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). When making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted). The United States Supreme Court has held:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

---

[2] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Washington filed this action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

## I.    Discussion

### A.  Retaliation

Washington admits that she has commenced other lawsuits in state or federal court dealing with the same facts involved in this action or relating to her imprisonment.[3]

It is proper to dismiss an action on the basis that it is malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation.  See Roberson v. Breen, 444 F. App'x 841, 842 (5th Cir. 2011) (citing Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993)).

---

[3] Rec. Doc. 3 at 1 ¶ 1(A). Since March 2025, and including the instant action, Washington has filed  a total 12 federal civil rights actions. Washington v. St. Tammany Parish Jail, et al., No. 25-649 "T"(2); Washington v. St. Tammany Parish Jail, et al., No. 25-882 "T"(2); Washington v. Galloway, et al., No. 25-883 "T"(2); Washington v. Harrington, et al., No. 25-1144 "T"(2); Washington v. Mendo, No. 25-1285 "T"(2); Washington v. Commissary Store, et al., No. 25-1286 "T"(2); Washington v. Galloway, et al., No. 25-1287 "B"(5) (dismissed without prejudice as malicious); Washington v. Kairdorf, et al., No. 25-1436 "T"(2); Washington v. Mendo, et al., No. 25-1617 "I"(4); Washington v. St. Tammany Parish Jail, et al., No. 25-1834 "B"(4); and Washington v. St. Tammany Parish Jail, et al., No. 25-1835 "D"(1). In a majority of these cases, Washington asserts claims that she was sexually assaulted and is being subjected to retaliation.

"When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman, 980 F.2d at 995.

In this case, Washington asserts retaliation claims against defendants Captain Galloway, Andrea Albert, Stephen Eckholdt, Galloway Law Firm, Harrington, Richmond, and Lungford. The retaliation claims are repetitive to claims asserted in prior cases against them. The lead case, Washington v. St. Tammany Parish Jail, et al., No. 25-649 "T"(2), is currently pending, along with consolidated member cases, Nos. 25-882 "T"(2); 25-883 "T"(2), 25-1144 "T"(2), 25-1285 "T"(2), 25-1286 "T"(2), 25-1436 "T"(2), and 25-1617 "T"(2).[4] Although Washington now adds defendants Carson and Moore, who were not named as defendants in the prior actions, duplicative claims are subject to dismissal as malicious even if brought against defendants not named in the previous litigation. Lewis v. Sec'y of Pub. Safety & Corr., 508 F. App'x 341, 344 & n. 2 (5th Cir. 2013) ("A case is duplicative if it involves 'the same series of events' and allegations of 'many of the same facts as an earlier suit.'"); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (affirming dismissal of successive complaint suing different defendants but repeating the same factual allegations asserted in earlier case).[5]

Therefore, Washington's claims of retaliation in this lawsuit are subject to dismissal as malicious without prejudice to her pursuing the claims in her prior pending consolidated lawsuit.

## B. Access to the Courts

Washington implies that she is being denied her constitutionally protected right of access

---

[4] That litigation is being screened by United States Magistrate Judge Donna Phillips Currault, who recently held a Spears hearing in the matter. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998).

[5] An amended petition in Washington's pending litigation is optional, as the Fifth Circuit observed in Lewis. Lewis, 508 F.2d at 1021 n. 2 ("That the instant complaint names three different defendants does not change the result [because] Lewis may seek to amend his complaint in the first lawsuit, under Rule 15(a)(2) of the Federal Rules of Civil Procedure, to name the three new defendants.").

to courts because there is no traditional law library at St. Tammany Parish jail. She also claims that she has been "refused pauper forms" by the mail room.[6]

Inmates clearly have a constitutional right of access to the courts, and that right extends to pretrial detainees. See United States v. Moya-Gomez, 860 F.2d 706, 743 (7th Cir. 1988); Wetzel v. Strain, No. 09-7048, 2010 WL 744993, at *3 (E.D. La. Feb. 26, 2010); Kirkpatrick v. Daugherty, No. 6:05cv461, 2006 WL 2401108, at *4 (E.D. Tex. Aug. 17, 2006). However, that right does not encompass "an abstract, freestanding right to a law library or legal assistance" in prison. See Lewis v. Casey, 518 U.S. 343, 351 (1996). Further, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." Vaccaro v. United States, 125 F.3d 852, 1997 WL 574977, at *1 (5th Cir. 1997) (quotation omitted).

Significantly, an access to the courts claim is cognizable **only** if the alleged deprivation resulted in actual prejudice to the plaintiff in her litigation. See, e.g., Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) ("[A]n inmate alleging denial of access to the courts must demonstrate an actual injury stemming from defendants' unconstitutional conduct."); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); McDonald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998) ("[B]efore a prisoner may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate that his position as a litigant was prejudiced by his denial of access to the courts." (quotation marks omitted)); Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993). The plaintiff must "demonstrate that the alleged shortcomings ... hindered [her] efforts to pursue a legal claim." Lewis, 518 U.S. at 351. In Lewis, the Supreme Court made clear

---

[6] Rec. Doc. 3 at 4.

that an inmate **must establish actual injury** to state a claim for denial of her right of access to the courts. In examining the particular claims of the inmates in the <u>Lewis</u> case, the Court stated that the First Amendment right of prisoners to access to the courts is the right to "have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." <u>Id.</u> at 356.

It is unclear whether Washington is claiming that she is being denied access to the state **criminal** court. Regardless, Washington testified at a <u>Spears</u> hearing related to her previous civil rights litigation that she is represented by counsel in her state criminal proceedings. As such, to the extent that she claims a denial of access to the state criminal court, her claim is foreclosed. <u>See</u> <u>Dickinson v. TX, Fort Bend County</u>, 325 F. App'x 389, 390 (5th Cir. 2009) ("Because Dickinson had court-appointed counsel to represent him, he did not have a constitutional right of access to a law library to prepare his criminal defense."); <u>Ashcraft v. Cameron County</u>, No. 97-41219, 1998 WL 611201, at *3 (5th Cir. Aug. 17, 1998) ("A criminal defendant cannot complain that he was denied access to the courts while represented by counsel."); <u>Ford v. Foti</u>, No. 94-30614, 1995 WL 241811, at *3 (5th Cir. Apr. 14, 1995) ("A criminal defendant who is represented by counsel has meaningful access to the courts vis-a-vis the criminal action pending against him."); <u>Childs v. Scott</u>, No. 94-60723, 1995 WL 153057 (5th Cir. Mar. 22, 1995) ("If a criminal defendant is represented by counsel, he has constitutionally sufficient access to the courts."); <u>Webb v. Havins</u>, No. 93-1452, 1994 WL 286151, at *3 (5th Cir. June 13, 1994); <u>Crockett v. Carpenter</u>, No. 93-1480, 1994 WL 144645, at *3 (5th Cir. Apr. 5, 1994). Further, Washington fails to allege that she was deprived of an opportunity to present any relevant and non-frivolous issues to the state criminal court through her counsel; therefore, she fails to allege a "relevant actual injury" caused by the denial of access to the law library.

Second, it is clear that Washington's ability to exercise her right of access to the courts for purposes of **civil** litigation has not been unduly impeded. Indeed, as previously explained, she has been prolific in filing *twelve federal civil rights lawsuits since March 2025*. Two of those lawsuits were filed just one month after the instant lawsuit.[7] It is clear that no actual legal prejudice to Washington's position as a litigant of the type required by Lewis was caused by any action or omission of the defendants relating to the lack of a traditional law library. "[C]ausation is an element of a [S]ection 1983 claim; [defendants'] actions must have actually caused the deprivation ... of which [plaintiff] complains." Hart v. O'Brien, 127 F.3d 424, 446 (5th Cir. 1997), abrogated in part on other grounds as recognized in Spivey v. Robertson, 197 F.3d 772 (5th Cir. 1999); accord Brown v. Bryan County, OK, 219 F.3d 450, 457 (5th Cir. 2000). Washington has not shown how the alleged lack of a traditional law library caused her any actual injury to her position as a litigant in these matters. Ike v. Sweet, No. 2:11-cv-2188, 2014 WL 5312527, at *1-2 (W.D. La. Oct. 16, 2014) (dismissing claim of denial of access to the courts for failure to demonstrate any injury resulting from defendants' alleged actions, including failing to provide access to law library and legal forms, where prisoner had filed at least 18 lawsuits).

While Washington specifically claims that defendants have failed to provide her with copies of the form pauper application, she has not demonstrated any resulting prejudice. Court records demonstrate that in this case, and the six cases previously filed wherein Washington initially failed to file a motion to proceed *in forma pauperis*, the Clerk's Office provided Washington with the forms, she subsequently submitted the completed pauper applications, and was granted leave to proceed *in forma pauperis*.[8] Accordingly, she suffered no prejudice as a result

---

[7] Washington v. St. Tammany Parish Jail et al., No. 25-1835 "B"(4) and Washington v. St. Tammany Parish Jail, et al., No. 25-1835 "D"(1).

[8] Those cases are as follows: Washington v. St. Tammany Parish Jail, et al., No. 25-882 "T"(2) at Rec. Docs. 2, 4, 5; Washington v. Harrington, et al., No. 25-1144 "T"(2) at Rec. Docs. 2, 5, 7; Washington v. Mendo, No. 25-1285 "T"(2)

of the defendants' failure to provide her with pauper application forms, and so her access-to-courts

claims should be dismissed. See Ford v. Foti, No. 94-30614, 1995 WL 241811, at *3 (5th Cir. Apr.

14, 1995) (although inmate was denied forms by jail officials, he was not prejudiced, and therefore

not denied access to the courts, because he could pursue relief in a timely manner after obtaining

the forms directly from the court); see also Petty v. Kelly, No. 02-41231, 2003 WL 21756716, at

*1 (5th Cir. June 24, 2003) (finding no access-to-courts violation where inmate "was able to file

the complaint that he sought to file"); Ike, 2014 WL 5312527, at *1-2.

For the foregoing reasons, Washington's claims concerning inadequate access to the court

are legally frivolous and fail to state a claim upon which relief can be granted under § 1983, and

the claims should be dismissed.

### C.  State Law Claims

Collins also asserts a claim for defamation. It is unclear if she intended to assert any other

state law claims. Regardless, the Court should decline to consider any state law claims against

defendants because Washington lacks a valid federal claim. *Batiste v. Island Records, Inc.*, 179

F.3d 217, 227 (5th Cir. 1999). The Court therefore recommends that jurisdiction be declined over

any supplemental state law claims against these defendants and that those claims be dismissed

without prejudice.

---

at Rec. Docs. 2, 4, 7; Washington v. Commissary Store, et al., No. 25-1286 "T"(2) at Rec. Docs. 2, 4, 6; Washington v. Galloway, et al., No. 25-1287 "B" at Rec. Docs. 2, 4, 5; Washington v. Kairdorf, et al., No. 25-1436 "M"(2) at Rec. Docs. 2, 4, 5; Washington v. Mendo, et al., No. 25-1617 "I"(4) at Rec. Docs. 2, 4, 6. The Court recognizes that Washington also failed to submit pauper applications in her two most recent cases. However, the Clerk's Office mailed her pauper application forms to complete with a return date of September 29, 2025. Washington v. St. Tammany Parish Jail, et al., No. 25-1834 "B"(4) at Rec. Doc. 2; Washington v. St. Tammany Parish Jail *et al.*, 25-1835 "D"(1) at Rec. Doc. 2.

## RECOMMENDATION

It is therefore **RECOMMENDED** that Washington's federal civil rights claims against defendants for retaliation be **DISMISSED WITHOUT PREJUDICE** to their prosecution in Civil Action No. 25-649 "T"(2).[9]

It is **FURTHER RECOMMENDED** that Washington's federal civil rights claims against defendants for denial of access to courts be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that Collins's state law claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); see Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 15th day of September, 2025.


_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] In the event that the District Judge determines that the retaliation claims should not be dismissed as malicious, the undersigned alternatively recommends that this action be transferred to Section T and Magistrate Division 2 pursuant to Local Rule 3.1.1 for handling and possible consolidation with Civil Action 25-649 "T"(2).